SCHNETTE, Respondent, v. SUTTER, Appellant.

1. Judgment reversed because the damages awarded were excessive.

*Appeal from St. Louis Court of Common Pleas.*

This was an action for the possession of a horse alleged to belong to plaintiff. The verdict of the jury was as follows: " We, the jury, find that the value of the horse, at the commencement of this suit, was forty-five dollars ; and we further find that the use of the horse, from the commencement of the suit to the present time, is worth one hundred dollars." It is

Schnette v. Sutter.

unnecessary to set forth the facts more fully than they appear in the opinion of the court.

*S. H. Gardner*, for appellant.

*C. Kribben*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

This judgment must be reversed. The verdict is inconsistent with itself, when considered in reference to the facts of the case. The plaintiff did not allege nor prove any special damage resulting to him from a deprivation of the use of the pony. The value of the pony being ascertained to be forty-five dollars, by no fair calculation could one hundred dollars be given as damages for its detention from the time of taking until the assessment of the damages, a period less than a year. Juries should look a little to their own knowledge of things and not follow calculations resulting in such absurdities. Because a man once in a week or month may get one dollar and fifty cents for the hire of a horse, it does not follow that this sum should be allowed every day in the year as a compensation for being deprived of the use of the animal. It is an unheard of thing that the owner of a pony worth forty-five dollars, and not strong enough to convey a man, should have one hundred dollars for being deprived of its use for less time than a year, no special damage being shown.

The first instruction given by the court was more favorable to the defendant than the law warranted, as it did not inform the jury that the plaintiff should have known or believed that the money received was on account of the sale of the horse. The court might have told the jury that the declarations of the plaintiff were not evidence against the defendant unless they were acknowledged expressly or impliedly by him to be true. We see no other objections to the instructions in the case.

The judgment is reversed, and the cause remanded; the other judges concurring.